ABRAHAM T. DICKERSON

*v.*

JOHN H. WENMAN and wife et al.

A mortgage absolute on its face, assigned by the mortgagee to the holder as collateral security, may be shown, on foreclosure, to have been originally given as a collateral mortgage, but this defence not being responsive to the bill, must be established by other evidence than the answer on oath of the mortgagor. In this case, the bill prayed answer on oath.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. E. D. Halsey,* for complainant.

*Mr. A. Mills,* for Wenman.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage given by the defendants John H. Wenman and wife, to Thomas E. Allen, on land in Morris county. The mortgage is dated May 31st, 1877, and was recorded on the 11th of June following. It was made to secure the payment of $1,000 in one year, with interest at seven per cent. per annum, according to the condition of Wenman's

bond to Allen, of the same date.   Allen assigned the bond and mortgage to the complainant, May 17th, 1879.   He assigned it as executor of Jacob Tomkins, deceased, and in the deed of assignment, stated that, though the mortgage was made to him in his own name, as an individual, it was really given to him as executor of Tomkins.   The assignment was not absolute, but as collateral security for the payment of Allen's note of that date, for $500, to Dickerson.   The bill alleges that the consideration of the mortgage was paid by Allen as executor of Tomkins, and that the money due and to grow due thereon belonged to the estate.   Allen is dead.   He died in June, 1880.   The only answer filed in the cause is by Wenman, and that, according to the requirement of the bill, is under oath.   By the answer, he alleges that the statement of the bill, that the consideration of the mortgage proceeded from the estate of Tomkins, is untrue, and that the mortgage was given merely as collateral security for the payment of a debt due from him to Allen, individually, the principal of which amounted to $655.26, and for which Allen held his three promissory notes, one dated April 28th, 1876, for $100; another dated May 10th, 1876, for $400, and the third dated April 10th, 1877, for $155.26, the payment of the first two of which was already secured by a chattel mortgage from him to Allen.   The answer further states that the chattel mortgage (which was given May 10th, 1876, to secure the payment of those two notes) was renewed May 8th, 1877, and again on May 8th, 1878, and that on January 29th, 1879, a new one was given to secure the payment of all three of the notes, and that it was renewed in January, 1880, and was paid off, the last payment on it having been made in June, 1880.

The consideration of the mortgage in suit may be inquired into for the purpose of ascertaining whether anything is due upon it.   It is urged in behalf of Wenman, that his answer is evidence for him on that head.   While the general rule is that the answer of a defendant (answering on oath pursuant to re-quirement in the bill) is evidence for the party, so far as it is responsive to the bill, the rule has its limits and exceptions, and where the answer asserts a right affirmatively, in opposition to

the complainant's demand, it is no evidence. *Fisler* v. *Porch,* *2 Stock. 243 ; Hart* v. *Ten Eyck, 2 Johns. Ch. 62.* It is a settled rule that matter set up in the answer, in avoidance of the complainant's claim, is not proved by the answer. *Neville* v. *Demeritt, 1 Gr. Ch. 321 ; Fey* v. *Fey, 12 C. E. Gr. 213.*

The admission of Wenman, in his answer, that he gave the mortgage, is evidence against him, but his allegation made in opposition to and in avoidance of the complainant's claim, that he gave it merely as collateral security, is not. The rule on the subject is clearly and comprehensively stated as follows :

"Where the answer of the defendant is not responsive to the bill, or sets up affirmative allegations of new matter, not stated or inquired of in the bill, in opposition to or in avoidance of the complainant's demand, and is replied to, the answer is of no avail in respect to such allegations, and the defendant is bound to establish them by independent testimony." *1 Dan. Ch. Pr. 844 n.*

Nor has Wenman proved the defence. His testimony is unreliable, and not only contradictory of the answer, but is self-contradictory. Not to speak of his testimony as to the consideration of the notes, the payment of which was secured by the chattel mortgages, it is clear that he is in error when he testifies that there was no subsequent indebtedness from him to Allen, for the contrary is proved by the three notes produced in evidence, amounting to $530.18, one of which is dated July 10th, 1877, and the other two in January and November, 1878, respectively. And there is proof that Allen paid usury for him, in considerable sums, after the giving of the mortgage in suit. Wenman, in his testimony, swears that the mortgage was not given to secure an existing indebtedness from him to the estate of Tomkins, and there is reason to believe that the statement is true. The bond and mortgage made, as they are, to Allen individually, and not as executor, furnish some corroboration of his statement. The probability is that the mortgage was given to secure not only the notes mentioned in the chattel mortgages, but also other future indebtedness, which Wenman might incur to Allen, by the latter's advancing or paying money to or for him, or in settling claims which others had against him. It

may well be that the money that was lent or paid by Allen to or for Wenman belonged to Tomkins's estate, and that Allen therefore recognized its title to the bond and mortgage. In the absence of proof justifying the exclusion of any part of the indebtedness from Wenman to Allen, which they represent, the mortgage should, under the circumstances, be held to be security for the three notes of $163.62, $200.68, and $185.88, respectively, and the interest thereon. The sum of $31.36 appears, by endorsment on the bond, to have been paid for interest, on the 12th of November, 1878, and to have been in full for interest thereon to that date. It will be taken to be in full payment of the interest on those notes to that time. There will be a decree for complainant, according to these views.